UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAKOTA COTTENGIM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNKNOWN BACON, )<br>)<br>Defendant. ) | No. 1:21-cv-84-SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dakota Cottengim, an inmate at the Potosi Correctional Center ("PCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $64.03. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official-capacity claims, and will direct the Clerk of Court to effect service of process upon defendant Unknown Bacon in his individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $320.14, and an average monthly balance of $200.49. The Court will therefore assess an initial partial filing fee of $64.03, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Unknown Bacon, a correctional officer at the PCC. Plaintiff sues Bacon in an official and individual capacity. Plaintiff's claims arise from an incident that occurred on January 1, 2021 while he was in his cell at breakfast time. Defendant Bacon refused to give plaintiff a carton of milk, and walked away from plaintiff's cell door. Plaintiff then began calling defendant Bacon's name "to make defendant aware that the plaintiff did not refuse his milk." Bacon made a derogatory statement to plaintiff, and threw the carton of milk at him through the food port door. As plaintiff attempted to catch the carton, Bacon grabbed plaintiff's right arm and forcefully pulled it through the food port door, causing injury. After plaintiff broke free from Bacon, he asked to speak to Bacon's supervisor. Bacon then "took two steps back in the middle of the walkway and attempted to

3

martial arts kick the plaintiff in the face through the food port." He then yelled derogatory comments to plaintiff.

Later, a lieutenant brought a nurse to plaintiff's cell to address his injuries. Plaintiff alleges Bacon's actions caused scrapes and deep bruising to his right bicep, pain and swelling in his right arm and shoulder, and limitation of the range of motion in his right shoulder. He seeks monetary damages, and he also seeks unspecified injunctive relief "to prevent these events from ever happening again."

## Discussion

The Court first addresses plaintiff's official-capacity claims against defendant Bacon. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). According to the complaint, defendant Bacon is a corrections officer employed by the Missouri Department of Corrections ("MDOC"), a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Finally, although plaintiff states he also seeks unspecified injunctive relief, he does not demonstrate there is a continuing or impending state action that violates the Constitution, nor does he show that "the entity itself [was the] 'moving force' behind the deprivation." *Graham,*

473 U.S. at 166 (citing *Polk County v. Dodson,* 454 U.S. 312, 326 (1981)). Therefore, plaintiff's official capacity claims will be dismissed.

Plaintiff has also named defendant Bacon in his individual capacity, and he claims Bacon used excessive force against him on January 1, 2021. This claim arises under the Eighth Amendment, which forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan,* 503 U.S. 1, 9-10 (1992). *See Burns v. Eaton,* 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer,* 866 F.3d 969, 974 (8th Cir. 2017). *See Ward v. Smith,* 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically").

The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers,* 475 U.S. 312, 321 (1986). In the case at bar, having thoroughly reviewed and liberally construed the complaint, the Court concludes plaintiff has plead sufficient facts to state a claim for excessive force against defendant Bacon. The Court will therefore require defendant Bacon to respond to the complaint.

Accordingly,

5

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $64.03. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against defendant Unknown Bacon are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Unknown Bacon in his individual capacity.

Dated this 7th day of September, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE