# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAKOTA COTTENGIM, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-CV-84-SNLJ |
| CHRISTOPHER BACON, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Christopher Bacon's Rule 12(b)(6) Motion to Dismiss the complaint. (ECF No. 12). The matter is now fully briefed and ripe for disposition. As explained below, the Court will deny the motion, and direct defendant to answer the complaint.

### Background

Plaintiff is an inmate confined to the custody of the Missouri Department of Corrections ("MDOC"), and defendant is a correctional officer employed by the MDOC. Plaintiff is presently incarcerated at the Potosi Correctional Center ("PCC"), but the events giving rise to his claims occurred when he was incarcerated at the Southeast Correctional Center ("SECC"). Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against defendant in his official and individual capacity, and claimed defendant used excessive force against him on January 1, 2021.

In the complaint, plaintiff alleged he tried to exhaust administrative remedies before filing the complaint, but the conduct of prison officials prevented him from doing so. Specifically, plaintiff alleged he filed a grievance to allege excessive use of force, but prison officials lost and failed to process it. Plaintiff further alleged he filed a complaint concerning the mishandling of his grievance, but heard nothing and was told by his case manager that it was probably lost as well.

After conducting the required review of the complaint, this Court determined that plaintiff's individual capacity claims against Bacon should proceed. In the motion now before the Court, defendant argues this action should be dismissed due to plaintiff's failure to exhaust administrative remedies before filing the complaint. In response, plaintiff again asserts that he tried to exhaust administrative remedies before filing the complaint, but the conduct of prison officials prevented him from using the procedures.

### Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, courts must liberally construe the complaint in the light most favorable to the plaintiff, and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

### Discussion

In the motion now before the Court, defendant argues this case should be dismissed because plaintiff "has not sufficiently plead that he has exhausted his administrative remedies to the extent required by § 1983." (ECF No. 13 at 3). Defendant argues that inmates must receive a response to their grievance appeal in order to demonstrate exhaustion, and that "[b]ased on his own pleadings, Plaintiff has not received the result of his grievance and therefore, has failed to exhaust his administrative remedies . . .". *Id.* at 5. Defendant argues that plaintiff was "ultimately able to file

a grievance at Potosi according to his Complaint, but chose not to complete the grievance process," and "[w]ithout a final grievance response addressing the allegation against the Defendant in this lawsuit, Plaintiff has failed to exhaust his administrative remedies, and therefore this Complaint must be dismissed." *Id.* at 5-6. Defendant also argues that plaintiff failed to attach a copy of "his alleged grievance" or any response he received, failed to describe the steps of the grievance process he completed, and failed to plead facts to establish he was denied access to the grievance process. *Id.* at 5.

In response, plaintiff again asserts he tried to exhaust administrative remedies, but prison officials prevented him from using the procedures. For example, plaintiff writes:

> The plaintiff has attempted to file and fully exhaust all available administrative remedies yet due to classification staff at Southeast Correctional Center and classification staff at Potosi Correctional Center the plaintiff has been denied the opportunity to [complete] this procedure because staff member Tracy Davison at Southeast Correctional Center refused to submit[] plaintiffs grievance per Missouri Department of Corrections policy D5-3.2 (Offender Grievance Procedure[)].

(ECF No. 16 at 2). Plaintiff further avers he submitted "kites" to prison officials in an effort to obtain information about his Informal Resolution Request (also "IRR") and grievance, but "staff" refused to provide information and plaintiff is now trying to obtain those records by other means. *Id.* Plaintiff can be understood to ask the Court to deny the defendant's motion to dismiss.

Defendant's motion is not well taken. Indeed, an inmate may not bring a § 1983 suit in federal court "until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), and that requirement is satisfied when the inmate pursues "the prison grievance process to its final stage" and receives "an adverse decision on the merits." *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014). However, § 1997e(a) only requires exhaustion of remedies that are "available," and a remedy that prison officials prevent an inmate from using is not an "available" remedy. *Porter v. Sturm,* 781 F.3d 448, 451 (8th Cir. 2015), *Miller v. Norris,* 247 F.3d 736, 740

3

(8th Cir. 2001). Inmates are not deemed to have failed to exhaust all available administrative remedies if prison officials have prevented them from using the grievance procedures, or if officials themselves have failed to comply with the procedures. *Porter,* 781 F.3d at 452 (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)).

The Eighth Circuit has determined that prison officials' failure to timely respond to a grievance could be a basis for a prisoner to show he had exhausted all "available" administrative remedies. *Sergent v. Norris,* 330 F.3d 1084, 1085 (8th Cir. 2003). Similarly, in *Foulk v. Charrier,* the Eighth Circuit determined that a district court lacked a sufficient factual basis to find that an inmate failed to exhaust available administrative remedies when prison officials refused to respond to his IRR, and therefore did not err in declining to dismiss the inmate's excessive force claim for failure to exhaust administrative remedies. 262 F.3d 687, 698 (8th Cir. 2001). In *Miller,* the Eighth Circuit determined that prison officials' failure to respond to an inmate's requests for grievance forms were sufficient to raise the inference that he had exhausted all "available" administrative remedies. 247 F.3d at 740.

The Court finds the foregoing decisions instructive. In the complaint, plaintiff alleged he submitted a grievance, but prison officials lost and failed to process it. Plaintiff's allegations do not permit the inference that he was "ultimately able to file a grievance at Potosi" but "chose not to complete the grievance process," as defendant suggests. (ECF No. 13 at 5). Having liberally construed the complaint in the light most favorable to plaintiff and accepted the factual allegations as true, the Court concludes it lacks a sufficient factual basis to find that plaintiff failed to exhaust all available administrative remedies. *See Sergent,* 330 F.3d at 1085; *Foulk,* 262 F.3d at 698; *Miller,* 247 F.3d at 740. The Court will therefore deny defendant's motion, and direct him to answer the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 12) is **DENIED.**

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, defendant shall answer plaintiff's complaint.

Dated this 6th day of December, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE